**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02541-SKC-KLM

TITAN FEEDING, LLC,

      Plaintiff,

v.

COREY CATTLE COMPANY, LLC;
MICHAEL COREY a/k/a MIKE COREY;
AND DOES 1-10,

      Defendants.

---

### DEFENDANT MICHAEL COREY'S MOTION TO DISMISS

---

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Michael Corey

("Mr. Corey") hereby moves to dismiss Plaintiff Titan Feeding, LLC's ("Titan") claims against

him for lack of personal jurisdiction.

### INTRODUCTION

Titan's Complaint and Jury Demand ("Complaint") makes broad allegations of personal

jurisdiction over "Defendants."  (*See* Compl. ¶ 12.)  But this Court has personal jurisdiction over

only one Defendant.  While Defendant Corey Cattle Company, LLC ("CCC") does not contest

this Court's jurisdiction, Mr. Corey, who was not a party to the agreements between Titan and

CCC and has no connection to Colorado, is not properly before this Court.

Titan makes no specific factual allegations that would provide a basis for personal

jurisdiction over *Mr. Corey*.  Instead, Titan alleges generally that "[t]his Court has personal

jurisdiction over *Defendants*," relying on the following:

4609734.2

(1) "*Defendants* transacted business in Colorado and committed tortious acts in Colorado."
(2) "*Defendants* executed numerous contracts . . . in which *Defendants* agreed" to resolve disputes under the contracts in a Colorado court and provide notice to Titan in Colorado.
(3) "*Defendants* sent numerous feed bills . . . to Titan" in Colorado.
(4) "The injuries triggering this case arise out of and are related to significant activities directed by *Defendants* toward Colorado. *Defendants* purposefully availed themselves of the privilege of conducting business in Colorado and this litigation arises out of *Defendants*' forum-related contacts."
(5) "*Defendants* routinely conduct business with Colorado residents and are not burdened by being subjected to jurisdiction in Colorado."

(Compl. ¶ 12 (emphasis added).)

None of these allegations are true as to Mr. Corey. Although he has passed through the state, Mr. Corey has never personally engaged in any business or business-related activities in Colorado. Nor has he committed *any* acts—let alone tortious acts—in Colorado. Mr. Corey was not a party to the agreements at issue in this case. Mr. Corey sent feed invoices, on behalf of CCC, by emailing them directly to Titan representatives in Canada. He never communicated with anyone in Colorado. With nothing connecting Mr. Corey to Colorado, it cannot reasonably be argued that he "purposefully" directed activity into the state or that he has any "forum-related contacts."

Accordingly, Colorado courts, including this Court sitting in diversity, cannot exercise personal jurisdiction over Mr. Corey and this lawsuit must be dismissed as against him.

## FACTUAL BACKGROUND

CCC owns and operates a cattle feeding operation in Utah where it feeds cattle owned by its customers. (*See* **Exhibit A**, Affidavit in Support of Defendant Michael Corey's Motion to Dismiss ("Aff.") ¶ 7.) Titan was one such customer, and Titan and CCC entered into various Agreements to Purchase, Feed and Re-Sell Cross Wagyu Cattle with Titan (the "Agreements").

(*See* Compl. Exs. 1-4.)  Pursuant to the Agreements, CCC would sell cattle to Titan and keep the

cattle at CCC's facility.  (*Id.*)  CCC would feed the cattle until they reached a certain weight, at

which point CCC would repurchase the cattle from Titan.  (*Id.*)  CCC sent Titan monthly

invoices by email for its feeding services.  (Aff. ¶ 9.)  While Mr. Corey signed the Agreements

on behalf of CCC, he was not personally a party to the Agreements.  (*See* Compl. Exs. 1-4; Aff ¶

8.)

Mr. Corey is a member and manager of CCC.  (Aff. ¶ 4.)  He was responsible for

preparing and sending monthly feed invoices to Titan.  (*Id.* ¶ 9.)  However, he has never had any

contact with Colorado in communicating with Titan.  Indeed, Mr. Corey's only contacts at Titan

were Hugh Skicdopole, John Lawton, and Stacey Lawton, who, upon information and belief, all

reside in Canada.[1]  (Aff. ¶ 10.)  These Titan representatives' email signature blocks include

office numbers, cell phone numbers, and fax numbers with a 780 area code (Alberta, Canada):



_____

[1] Titan Livestock's website states that Mr. Skocdopole "lives west of Edmonton, Alberta, Canada in the agricultural community of Stony Plain."  *See* https://titanlivestock.com/team-members/.

Additionally, Titan's "Contact Us" page on its website lists a Canadian address. *See* https://titanlivestock.com/contact-us/. Upon information and belief, all payments made by Titan to CCC for invoiced amounts have been wired from Canada.

Subject matter jurisdiction in this case is based on diversity of citizenship. Mr. Corey is a resident of Utah, and both members of CCC—including Mr. Corey—reside in Utah. (Aff. ¶¶ 3, 5.) Upon information and belief, no members of Titan reside in Utah. Titan brings several claims against both CCC and Mr. Corey (civil theft, conversion, and fraud) and breach of contract claims against CCC only. (*See generally* Compl.)

## ARGUMENT

### I.   APPLICABLE STANDARDS.

Pursuant to Rule 12(b)(2), a court must grant a motion to dismiss if it lacks personal jurisdiction over a defendant. When personal jurisdiction is challenged, the "plaintiff bears the burden of establishing personal jurisdiction, but where, as here, the issue is raised early on in litigation, based on pleadings (with attachments) and affidavits, that burden can be met by a prima facie showing." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). The Court must accept as true all well-pled, non-conclusory facts alleged in the plaintiffs' complaint, and resolve all factual disputes in the plaintiffs' favor. *Id*. However, the allegations in the complaint are only taken as true to the extent that they are uncontroverted by defendant's affidavits. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).

## II.   COLORADO COURTS LACK PERSONAL JURISDICTION OVER MR. COREY.

### A.   Due Process Requires that Mr. Corey have Certain Minimum Contacts with Colorado.

For a federal court in a diversity action to have personal jurisdiction over a non-resident defendant such as Mr. Corey, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). Because Colorado's long-arm statute "extends jurisdiction to the greatest extent permitted by due process, . . . the only question . . . is whether exercise of [personal] jurisdiction . . . comports with the protection of the due process clause." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 91 (10th Cir. 2012).

Under the due process analysis, a court may only exercise personal jurisdiction over a non-resident defendant who has "certain minimum contacts" with the forum state. *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945) (citation omitted). The minimum contacts standard can be met by establishing either general or specific jurisdiction. *Grynberg*, 490 F. App'x at 92. General jurisdiction arises when a defendant maintains "continuous and systematic" contracts with the forum state. *Id.* Specific jurisdiction arises "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz,* 471 U.S. 462, 472 (1985); *see also Encore Prods., Inc. v. Promise Keepers,* 53 F. Supp. 2d 1101, 1116 (D. Colo. 1999). As explained below, this Court has neither general jurisdiction nor specific jurisdiction over Mr. Corey.

### B.  Mr. Corey Lacks the Required Minimum Contacts with Colorado Under Either General Jurisdiction or Specific Jurisdiction Standards.

#### 1.  Lack of General Jurisdiction.

The Complaint fails to allege contacts with Colorado sufficient to give this Court general jurisdiction over Mr. Corey.  Titan has not alleged (nor could it) that Mr. Corey engaged in the kind of continuous and systematic contacts with Colorado that could support general jurisdiction.  To the contrary, Mr. Corey lacks a permanent or ongoing presence in Colorado, does not own property in Colorado, and does not personally conduct ongoing business here.  (Aff. ¶ 6.)

#### 2.  Lack of Specific Jurisdiction.

Nor can Titan demonstrate that this Court has specific jurisdiction over Defendants.  The Complaint is devoid of factual allegations that *Mr. Corey* purposefully directed activity into Colorado, or that the litigation arises from *Mr. Corey's* forum-related contacts.  Titan does not allege that Mr. Corey was ever physically present in Colorado or even that he personally contacted Titan in Colorado by telephone or mail.  As noted above, Mr. Corey only communicated with Titan through representatives in Canada.  (Aff. ¶¶ 9-10.)  Moreover, the alleged theft of Titan's cattle and other alleged activities occurred in Utah and not in Colorado.  Titan's incorrect assertion that "*Defendants* sent numerous feed bills . . . to Titan" in Colorado (Compl. ¶ 12(e) (emphasis added)) is simply insufficient to prove a "substantial connection" between Mr. Corey and the forum state.  *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1194 (Colo. 2005).  Indeed, Titan does not identify any individual or individuals in Colorado who allegedly received feed invoices from CCC.  In sum, the Complaint fails to sufficiently demonstrate that this Court has personal jurisdiction over Mr. Corey.

### a.  Mr. Corey Did Not Enter Into the Agreements.

Titan suggests that Mr. Corey was a party to the Agreements.  (*See* Compl. ¶¶ 12(c),

12(d) ("*Defendants* executed numerous contracts . . . .") (emphasis added).)  However, the fact

that Mr. Corey signed the Agreements on behalf of CCC, "without more, cannot support

personal jurisdiction over him" *individually*.  *See Smalls v. Stermer*, 2011 WL 1234781, at \*5

(D. Kan. Mar. 31, 2011) (holding that nonresident defendant's act of signing contracts on behalf

of DOJ was insufficient for personal jurisdiction).

### b.  No Injury Occurred In Colorado.

Titan also alleges that the "injuries triggering this case arise out of and are related to

significant activities directed by *Defendants* toward Colorado," without specifically articulating

which "significant activities" Mr. Corey directed toward Colorado.  (*See* Compl. ¶ 12(f)

(emphasis added).)  To the extent that Titan claims to have been injured in Colorado, courts here

have repeatedly held that mere injury or economic impact in the forum cannot establish personal

jurisdiction.  *Wenz v. Membery Crystal,* 55 F.3d 1503, 1508 (10th Cir. 1995) ("That [plaintiff]

may be economically impacted in Colorado, simply because he lives there, is insufficient to

establish personal jurisdiction under subsection (1)(b) of the Colorado long-arm statute."); *see*

*also Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.,* 115 F. Supp. 2d 1250, 1255 (D.

Colo. 2000) ("Mere economic impact in the forum is not sufficient to establish personal

jurisdiction over [defendants].").  Where the tortious act occurs out of state and the injury is

alleged to be in Colorado, such an injury in Colorado "must be direct, not consequential and

remote."  *Wenz,* 55 F.3d at 1508.

Here, all of the alleged "tortious acts" forming the basis of Titan's lawsuit occurred in Utah. Titan cannot dispute that CCC's cattle feed operation is located in Utah, and Titan has not alleged that any interactions between Mr. Corey and Titan occurred in Colorado. Indeed, as explained above, upon information and belief, all of Titan's representatives who communicated with Mr. Corey reside in Canada. (Aff. ¶ 10.)

Titan also has not established that an injury occurred in Colorado, let alone that such injury was "direct," rather than "consequential and remote." On the contrary, any injury or economic impact Titan allegedly suffered as a result of Mr. Corey's conduct would have occurred in *Canada* and cannot confer personal jurisdiction over Mr. Corey in Colorado. *See Wenz*, 55 F.3d at 1508; *Ruggieri v. Gen. Well Serv., Inc.*, 535 F. Supp. 525, 536 (D. Colo. 1982) (refusing to find personal jurisdiction over tort claim where "[a]ll of [defendants'] actions causing the alleged conversion took place" outside of Colorado, and finding "defendants' alleged actions did not cause any damage in Colorado").

Because the Complaint fails to allege any direct connection between Mr. Corey's alleged tortious actions and any injuries suffered in Colorado, this Court should dismiss the claims against him.

## CONCLUSION

Because Colorado courts lack personal jurisdiction over Mr. Corey, the Court should dismiss with prejudice the Complaint against him.

- 9 -

Respectfully submitted this 4th day of October, 2019.

>/s/ R. Kirk Mueller
>R. Kirk Mueller
>Aditi Kulkarni-Knight
>DAVIS GRAHAM & STUBBS LLP
>1550 Seventeenth Street, Suite 500
>Denver, CO  80202
>Telephone:  (303) 892-9400
>Facsimile:   (303) 893-1379
>Email: kirk.mueller@dgslaw.com
>          aditi.kulkarni@dgslaw.com
>
>*Attorneys for Defendant Michael Corey*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2019, a true and correct copy of the foregoing was served upon the following in the manner indicated below:

John O'Brien                                    (   ) First Class Mail
Scott C. Sandberg                               (   ) Hand Delivery
Spencer Fane LLP                                (   ) Facsimile
1700 Lincoln Street, Suite 2000                 (   ) Overnight Delivery
Denver, CO 80203                                ( X ) CM/ECF E-Filing System
jobrien@spencerfane.com                         (   ) E-Mail
ssandberg@spencerfane.com

*Attorneys for Titan Feeding, LLC*

/s/ *Lori Thompson*
Lori Thompson