**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02541-SKC-KLM

TITAN FEEDING, LLC,

       Plaintiff,

v.

COREY CATTLE COMPANY, LLC;
MICHAEL COREY a/k/a MIKE COREY;
AND DOES 1-10,

       Defendants.

---

**DEFENDANT COREY CATTLE COMPANY, LLC'S ANSWER TO
COMPLAINT WITH COUNTERCLAIM**

---

Defendant Corey Cattle Company, LLC ("CCC") submits the following Answer to Plaintiff Titan Feeding, LLC's ("Titan") Complaint and Jury Demand (the "Complaint") with Counterclaim:

**SUMMARY**

1. CCC admits that it owns and operates a cattle feeding operation. CCC denies any allegations that are inconsistent with this admission.

2. CCC admits that Titan was its customer. CCC denies any allegations that are inconsistent with this admission.

3. CCC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the same.

4. CCC denies the allegations in Paragraph 4.

5. CCC denies the allegations in Paragraph 5.

6. CCC admits that on or around June 29, 2019, Titan sent trucks to CCC. CCC denies that it stole Titan's cattle. CCC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore denies the same.

7. CCC denies that it is in financial difficulty and any conclusions based thereon. CCC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies the same.

## PARTIES, JURISDICTION, AND VENUE

8. CCC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9. CCC admits that it is a limited liability company registered in Utah.

10. CCC admits that Mike Corey is a Utah resident and member and manager of CCC. CCC also admits that Mike Corey signed contracts on behalf of CCC. CCC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies the same.

11. CCC denies the allegations in Paragraph 11.

12. CCC responds to Paragraph 12 as follows:

    a. CCC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

    b. CCC denies the allegations in Paragraph 12(b).

    c. CCC states that the referenced documents speak for themselves and no response is required. To the extent a response is required, CCC admits that it entered into contracts with Titan which stated that the contracts "shall be governed in accordance with the laws of the State of Colorado, and any dispute under this Agreement shall be heard by courts of competent jurisdiction located in the State of Colorado." CCC denies any allegations that are inconsistent with this admission.

  d. CCC states that the referenced documents speak for themselves and no response is required. To the extent a response is required, CCC admits that it entered into contracts with Titan in which CCC agreed to provide notices to Titan in Fort Collins, Colorado. CCC denies any allegations that are inconsistent with this admission.

  e. CCC admits that it sent Titan numerous feed invoices. CCC denies any allegations that are inconsistent with this admission.

  f. CCC denies the allegations in Paragraph 12(f).

  g. CCC denies the allegations in Paragraph 12(g).

  h. CCC denies that it committed theft or engaged in any unlawful conduct. CCC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12(h), and therefore denies the same.

13. CCC admits that venue is proper in this Court as to CCC. CCC denies the remaining allegations in Paragraph 13.

## GENERAL ALLEGATIONS

14. CCC admits that in 2017, CCC and Titan entered into certain Agreements to Purchase, Feed and Re-Sell Cross Wagyu Cattle. Those agreements speak for themselves and no response is required. To the extent a response is required, CCC denies the remaining allegations in Paragraph 14.

15. CCC denies the allegations in Paragraph 15.

16. CCC denies the allegations in Paragraph 16.

17. CCC denies the allegations in Paragraph 17.

18. CCC denies the allegations in Paragraph 18.

19. CCC admits that on or around July 19, 2017, Titan and CCC entered into an Agreement to Purchase, Feed and Re-Sell Cross Wagyu Cattle.  CCC denies any allegations that are inconsistent with this admission.

20. CCC admits that on or around August 23, 2017, Titan and CCC entered into an Agreement to Purchase, Feed and Re-Sell Cross Wagyu Cattle.  CCC denies any allegations that are inconsistent with this admission.

21. CCC admits that on or around December 7, 2017, Titan and CCC entered into an Agreement to Purchase, Feed and Re-Sell Cross Wagyu Cattle.  CCC denies any allegations that are inconsistent with this admission.

22. CCC admits that on or around December 22, 2017, Titan and CCC entered into an Agreement to Purchase, Feed and Re-Sell Cross Wagyu Cattle.  CCC denies any allegations that are inconsistent with this admission.

23. CCC denies the allegations in Paragraph 23.

24. CCC denies the allegations in Paragraph 24.

25. CCC denies the allegations in Paragraph 25.

26. CCC denies the allegations in Paragraph 26.

27. CCC denies the allegations in Paragraph 27.

28. CCC denies the allegations in Paragraph 28.

**FIRST CLAIM FOR RELIEF**
**(Civil Theft Under C.R.S. § 18-4-405 Against All Defendants)**

29. CCC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

30. CCC denies that it stole cattle from Titan. CCC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies the same.

31. CCC denies the allegations in Paragraph 31.

32. CCC denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 33.

## SECOND CLAIM FOR RELIEF
**(Conversion Against All Defendants)**

34. CCC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

35. CCC denies the allegations in Paragraph 35.

36. CCC denies the allegations in Paragraph 36.

37. CCC denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 38.

## THIRD CLAIM FOR RELIEF
**(Fraud Against All Defendants)**

39. CCC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

40. CCC denies the allegations in Paragraph 40.

41. CCC denies the allegations in Paragraph 41.

42. CCC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies the same.

43. CCC denies the allegations in Paragraph 43.

44. CCC denies that it made false statements. CCC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 44, and therefore denies the same.

45. CCC denies that it made false representations. CCC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45, and therefore denies the same.

46. CCC denies that it made false statements. CCC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore denies the same.

47. CCC denies the allegations in Paragraph 47.

48. CCC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies the same.

49. CCC denies the allegations in Paragraph 49.

50. CCC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies the same.

51. The allegations in Paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 51.

52. The allegations in Paragraph 52 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 52.

53. CCC denies the allegations in Paragraph 53.

54. The allegations in Paragraph 54 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 54.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract - Contract #2 -Against Corey Cattle)

55. CCC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

56. CCC admits that on or around July 19, 2017, Titan and CCC entered into an Agreement to Purchase, Feed and Re-Sell Cross Wagyu Cattle. CCC denies any allegations that are inconsistent with this admission.

57. CCC denies the allegations in Paragraph 57.

58. CCC denies the allegations in Paragraph 58.

59. CCC denies the allegations in Paragraph 59.

60. The allegations in Paragraph 60 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 60.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract - Contract #3 -Against Corey Cattle)

61. CCC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

62. CCC admits that on or around August 23, 2017, Titan and CCC entered into an Agreement to Purchase, Feed and Re-Sell Cross Wagyu Cattle. CCC denies any allegations that are inconsistent with this admission.

63. CCC denies the allegations in Paragraph 63.

64. CCC denies the allegations in Paragraph 64.

65. CCC denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 66.

## SIXTH CLAIM FOR RELIEF
### (Breach of Contract - Contract #5 -Against Corey Cattle)

67. CCC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

68. CCC admits that on or around December 7, 2017, Titan and CCC entered into an Agreement to Purchase, Feed and Re-Sell Cross Wagyu Cattle. CCC denies any allegations that are inconsistent with this admission.

69. CCC denies the allegations in Paragraph 69.

70. CCC denies the allegations in Paragraph 70.

71. CCC denies the allegations in Paragraph 71.

72. The allegations in Paragraph 72 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 72.

## SEVENTH CLAIM FOR RELIEF
### (Breach of Contract - Contract #6 -Against Corey Cattle)

73. CCC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

74. CCC admits that on or around December 22, 2017, Titan and CCC entered into an Agreement to Purchase, Feed and Re-Sell Cross Wagyu Cattle. CCC denies any allegations that are inconsistent with this admission.

75. CCC denies the allegations in Paragraph 75.

76. CCC denies the allegations in Paragraph 76.

77. CCC denies the allegations in Paragraph 77.

78. The allegations in Paragraph 78 state legal conclusions to which no response is required. To the extent a response is required, CCC denies the allegations in Paragraph 78.

79. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, CCC denies them.

## **AFFIRMATIVE DEFENSES**

1. Titan's claims are barred for failure to state a claim on which relief can be granted.

2. Titan's claims are barred in whole or in part because the alleged damages and losses, if any, were proximately caused by Titan's own conduct and bad faith.

3. Titan's fraud claim is barred due to Titan's failure to plead the claim with particularity.

4. Titan's claims are barred in whole or in part by the doctrine of waiver, laches, unclean hands, and/or estoppel.

5. Titan's claims are barred in whole or in part by Titan's failure to mitigate damages, if any.

6. Titan's claims are setoff in whole or in part by its own breach of contracts with CCC.

7. CCC reserves the right to add additional defenses as warranted by further investigation and discovery.

## CCC'S COUNTERCLAIMS

CCC pleads the following Counterclaims against Titan. CCC reserves the right to amend its Counterclaims consistent with the facts discovered in this case. For its Counterclaims against Titan, CCC states and alleges as follows:

### NATURE OF THE ACTION

1. This action arises in part from Titan's failure to pay amounts due and owing to CCC under the Cattle Custom Feeding Agreements.

2. In November 2018, Titan and CCC entered into the Cattle Custom Feeding Agreements, whereby Titan agreed to pay CCC for the housing and feeding of nearly 6,000 conventional cattle.

3. Titan refuses to pay amounts due under the Cattle Custom Feeding Agreements.

4. This action also arises in part from Titan's wrongful and unauthorized control over certain proceeds from an auction sale of CCC-branded cattle.

5. CCC brings counterclaims to recover damages for Titan's breach of the Cattle Custom Feeding Agreements, civil theft, and violation of the Utah Uniform Commercial Code ("UCC").

### PARTIES, JURISDICTION, AND VENUE

6. CCC is a Utah limited liability corporation. All of CCC's members are residents and citizens of Utah.

7. Titan is a limited liability company. Upon information and belief, none of Titan's members are residents or citizens of Utah.

8.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

9.      Venue is proper in the District of Colorado because the contracts between CCC and Titan state that any dispute under the contracts shall be heard by courts of competent jurisdiction located in the State of Colorado.

## GENERAL ALLEGATIONS

**Titan Breaches the Cattle Custom Feeding Agreements**

10.     On or about November 4, 2018, CCC and Titan entered into the Cattle Custom Feeding Agreements.

11.     Pursuant to the Cattle Custom Feeding Agreements, CCC was to receive from Titan 3,385 head of steers and 2,478 head of heifers between August 26, 2018 and October 31, 2018.

12.     The average incoming weight range for the steers was 395-615 pounds, and the average incoming weight range for the heifers was 350-580 pounds.

13.     Pursuant to the Cattle Custom Feeding Agreements, CCC was to background feed the steers to an approximate weight of 700-900 pounds and the heifers to an approximate weight of 700-850 pounds.

14.     Titan was to pay CCC $0.72 per pound of weight gain for the steers and $0.74 per pound of weight gain for the heifers.

15.     CCC housed and fed the nearly 6,000 head of conventional cattle and increased the conventional cattle's weight to the range required by the Cattle Custom Feeding Agreements.

16.     Titan refuses to pay CCC for the weight gain.

17.     Titan owes CCC not less than $369,079.30 under the Cattle Custom Feeding Agreements.

**Titan Unlawfully Causes the Withholding of Auction Proceeds**

18.     On or about September 17, 2019, 'R' Livestock Connection LLC ("R Livestock") sold certain CCC-branded cull cattle at an auction.

19.     CCC was informed that R Livestock had issued a check for the proceeds of the auction, approximately $36,800. Upon information and belief, R Livestock made the check payable to both CCC and Titan.

20.     R Livestock included Titan as a payee on the check, along with CCC, after discovering certain UCC filings made by Titan.

21.     In particular, in 2017, Titan made three such UCC filings, described by Titan as "bailee/bailor filing[s]," declaring that Titan was the owner of certain cattle, which were identified on an attachment to the filings and which were kept for feeding and care by CCC. (*See* **Exhibit 1.**)

22.     Upon learning that R Livestock had named Titan as a payee on the check, CCC contacted R Livestock and explained that the CCC-branded cull cattle sold at the auction were not the same cattle as were identified in Titan's UCC filings, did not have Titan's branding, and were not owned by Titan.

23.     Upon information and belief, R Livestock communicated with Titan and its counsel and informed Titan that the CCC-branded cull cattle sold at the auction were not the same cattle as were identified in Titan's UCC filings, did not have Titan's branding, and were

not owned by Titan.  Titan and its counsel instructed R Livestock not to remove Titan's name from the check.

24. Based on Titan's instructions that, due to its 2017 bailee/bailor UCC filings, Titan's name should not be removed from the check, R Livestock has declined to reissue the check without naming Titan as a payee.

25. Accordingly, CCC has been deprived of the proceeds from the sale of the cull cattle at auction.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

26. CCC incorporates by reference the preceding allegations as though fully set forth herein.

27. The Cattle Custom Feeding Agreements are valid and enforceable contracts between Titan and CCC.

28. CCC performed all conditions precedent to its right to demand performance by Titan of its obligations under the Cattle Custom Feeding Agreements.

29. Titan breached the Cattle Custom Feeding Agreements by failing to pay CCC for its feeding of the conventional cattle in accordance with the terms of the Cattle Custom Feeding Agreements.

30. Titan's breach of the Cattle Custom Feeding Agreements directly and proximately caused CCC damages in an amount to be determined by the court.

## SECOND ALTERNATIVE CLAIM FOR RELIEF
### (Unjust Enrichment)

31. CCC incorporates by reference the preceding allegations as though fully set forth herein.

32. CCC conferred benefits on Titan, including, but not limited to, housing and feeding nearly 6,000 conventional cattle.

33. Titan accepted or realized such benefits under circumstances that would render it unjust for Titan to retain such benefits.

34. Titan's failure to pay amounts due and owing to CCC constitutes unjust enrichment and has caused damages to CCC in an amount to be determined by the Court.

## THIRD CLAIM FOR RELIEF
### (Civil Theft)

35. CCC incorporates by reference the preceding allegations as though fully set forth herein.

36. Titan knew that the cattle sold at R Livestock's auction were cull cattle owned by CCC, had CCC's branding, did not have Titan's branding, were not owned by Titan, and were not subject to Titan's bailee/bailor UCC filings.

37. By refusing to allow R Livestock to remove Titan's name from the check to CCC, Titan knowingly obtained and exercised unauthorized control over the proceeds from the auction which rightfully belong to CCC.

38. Titan obtained and exercised control over CCC's proceeds from the auction with a specific intent and purpose to permanently deprive CCC of the benefit of the proceeds (approximately $36,800).

### FOURTH CLAIM FOR RELIEF
### (Violation of Utah Code Ann. § 70A-9a-607)

39. CCC incorporates by reference the preceding allegations as though fully set forth herein.

40. Titan's UCC filing created a security interest pursuant to the UCC.

41. Titan, as a purported secured party, pursuant to Utah Code Ann. § 70A-9a-607, must proceed in a commercially reasonable manner against CCC in its enforcement of a security interest and may not exercise its right under the UCC to take collateral or proceeds it is otherwise not lawfully entitled to take or encumber.

42. Titan acted in a commercially unreasonable manner by asserting the right to be named as a payee on R Livestock's check to CCC based on its 2017 bailee/bailor UCC filings.

43. Titan failed to proceed in accordance with Chapter 9A of the UCC.

### PRAYER FOR RELIEF

WHEREFORE, CCC respectfully requests that the Court dismiss Titan's Complaint, enter judgment in CCC's favor on each of Titan's claims, enter judgment in CCC's favor on each of CCC's counterclaims, and grant relief as follows:

1. Award CCC damages in the amount not less than $405,879.30.

2. Award CCC such other legal or equitable relief as the Court may deem proper and just pursuant to Utah Code Ann. § 70a-9a-625.

3. Award CCC reasonable attorneys' fees and costs.

4. Award CCC prejudgment and post-judgment interest at the highest allowable legal rates; and

5. Award CCC such other and further relief as the Court may deem proper and just.

- 16 -

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CCC hereby demands trial to a jury on all issues so triable.

Dated: October 4, 2019

Respectfully submitted,

*/s/ R. Kirk Mueller*
R. Kirk Mueller, #16746
Aditi Kulkarni-Knight, #48654
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  303-892-9400
Facsimile:  303-893-1379
Email:   kirk.mueller@dgslaw.com
             aditi.kulkarni@dgslaw.com

*Attorneys for Defendant Corey Cattle Company, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October, 2019, a true and correct copy of the foregoing was served upon the following in the manner indicated below:

| | |
|---|---|
| John O'Brien | (  ) First Class Mail |
| Scott C. Sandberg | (  ) Hand Delivery |
| Spencer Fane LLP | (  ) Facsimile |
| 1700 Lincoln Street, Suite 2000 | (  ) Overnight Delivery |
| Denver, CO 80203 | ( X ) CM/ECF E-Filing System |
| jobrien@spencerfane.com | (  ) E-Mail |
| ssandberg@spencerfane.com | |

*Attorneys for Titan Feeding, LLC*

/s/ *Lori Thompson*
Lori Thompson