**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02541-PAB

TITAN FEEDING, LLC,

    Plaintiff,

v.

COREY CATTLE COMPANY, LLC;
MICHAEL COREY a/k/a MIKE COREY;
AND DOES 1-10,

    Defendants.

---

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

---

Defendants Corey Cattle Company, LLC and Michael Corey hereby file their response to this Court's October 15, 2019 Order to Show Cause (ECF No. 17) ("Order") "why this case should not be dismissed due to the Court's lack of subject matter jurisdiction" and respectfully state as follows:

1. Defendants removed this matter to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

2. The amount in controversy exceeds $75,000, as explained in Defendants' Notice of Removal. (ECF No. 1, ¶ 11.)

3. Per the Court's Order, Defendants have "sufficiently allege[d] that they are citizens of Utah." (Order at 3 n. 1.)

4. Thus, diversity jurisdiction exists if all of the members of Plaintiff Titan Feeding, LLC ("Titan") are citizens of states other than Utah.

5. The Court noted in the Order, however, that because Defendants' allegations were "based upon information and belief" and failed to "affirmatively identify the plaintiff's members or the citizenship of those members," they were insufficient to allow the Court to determine whether it has jurisdiction.

6. Upon receiving the Court's order, Defendants solicited additional information from Titan's counsel to cure the defects in the Notice of Removal. Titan's counsel was very cooperative and promptly provided the information set forth in the "Stipulation" attached hereto as **Exhibit A**, which Defendants submit provides sufficient basis to demonstrate this Court's jurisdiction.

7. Specifically, the attached Stipulation between the parties contains information provided by Titan's counsel listing both of Titan's members and their state of citizenship. Neither of Titan's members are citizens of Utah. As such, complete diversity exists among the parties and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8. Defendants respectfully request that the Notice of Removal be deemed amended to include the additional allegations and information set forth herein or, if the Court would prefer, that Defendants be allowed to submit an amended Notice of Removal.

WHEREFORE, Defendants respectfully request that the Court refrain from dismissing this action based on lack of subject matter jurisdiction.

- 3 -

Respectfully submitted this 24th day of October, 2019.

    */s/ R. Kirk Mueller*
R. Kirk Mueller
Aditi Kulkarni-Knight
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202
Telephone:  (303) 892-9400
Facsimile:   (303) 893-1379
Email: kirk.mueller@dgslaw.com
       aditi.kulkarni@dgslaw.com

*Attorneys for Defendants*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October, 2019, a true and correct copy of the foregoing was served upon the following in the manner indicated below:

John O'Brien  
Scott C. Sandberg  
Spencer Fane LLP  
1700 Lincoln Street, Suite 2000  
Denver, CO 80203  
jobrien@spencerfane.com  
ssandberg@spencerfane.com  

( ) First Class Mail  
( ) Hand Delivery  
( ) Facsimile  
( ) Overnight Delivery  
( X ) CM/ECF E-Filing System  
( ) E-Mail  

*Attorneys for Titan Feeding, LLC*

/s/ *Gretchen Pickett*  
Gretchen Pickett