IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02541-PAB-SKC

TITAN FEEDING, LLC,

    Plaintiff,

v.

COREY CATTLE COMPANY, LLC,
MICHAEL COREY a/k/a MIKE COREY,
JON COREY, and
DANTES HOLDINGS, LLC,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Reopen Case [Docket No. 110]. Defendants responded, Docket No. 111, and plaintiff replied. Docket No. 113.

Following the filing of the Suggestion of Bankruptcy for Defendant Michael Corey [Docket No. 104], the Court administratively closed this matter on February 9, 2021, pending resolution of the bankruptcy proceeding in the United States Bankruptcy Court for the District of Utah. Docket No. 108 at 4. On June 20, 2021, the parties filed a status report, informing the Court that the bankruptcy court entered an order granting plaintiff's motion for relief from stay. Docket No. 109 at 1, ¶ 2. The bankruptcy court's order also provides that any future litigation against Michael Corey "will be in name only" and "does not obligate [Michael Corey] to appear or respond to discovery." Docket No. 109-1 at 2, ¶ 4.

On October 7, 2021, plaintiff filed the instant motion to reopen this case. Docket

No. 110. The parties appear to agree that reopening this case is proper and that the action should not proceed against defendant Michael Corey. *See* Docket No. 111 at 1–2, ¶ 1; Docket No. 113 at 1, ¶ 1. The parties dispute, however, whether this matter should proceed against defendant Corey Cattle Company, LLC ("Corey Cattle") or whether plaintiff's claims against Corey Cattle are barred.

Defendants argue that the claims against Corey Cattle are barred because Corey Cattle has been dissolved pursuant to Utah Code Ann. § 48-3a-701, Utah's Revised Uniform Limited Liability Company Act, which provides that a dissolved limited liability company may dispose of known claims against it by giving written notice of the dissolution together with a notice of the procedure and deadline for a claimant to give notice of a claim. Docket No. 111 at 2, ¶ 2 (citing Utah Code Ann. § 48-3a-705(2)). Defendants thus argue that, because Titan did not file a notice of claim by the deadline, which was August 6, 2021, Titan's claims are barred. *Id.* (citing Utah Code Ann. § 48-3a-701(3)(a) ("Unless sooner barred by another state statute limiting actions, a claim against the dissolved limited liability company is barred if . . . a claimant was given notice . . . and the claim is not received by the dissolved limited liability company by the deadline.")). Defendants insist that, to permit plaintiff to proceed in this action rather than pursuant to Utah's statutory scheme, would permit plaintiff to "potentially plac[e] itself in a better position than [Corey Cattle's] other unsecured creditors" who followed the Utah statutory process. *Id.* at 3, ¶ 3.

Plaintiff responds that defendants have "misrepresent[ed]" the Utah statute. Docket No. 113 at 1, ¶ 2. Plaintiff cites Utah Code Ann. § 48-3a-705(6), which states, "[t]his section does not apply to a claim based on an event occurring after the effective

date of dissolution or a liability that on that date is contingent." *Id.* Because a "pending lawsuit is a 'prototypical' contingent liability," Docket No. 113 at 2, ¶ 3 (quoting *CB Richard Ellis v. CLGP, LLC*, 251 P.3d 523, 533 (Colo. App. 2010) (citation omitted)), plaintiff argues the Utah statute does not bar its claim against Corey Cattle, which claim was initiated two years before Corey Cattle commenced its dissolution. *Id.*, ¶ 4.

The Court agrees with plaintiff. Although no court has interpreted the Utah statute, other states have similar laws that operate to exclude contingent liabilities from the statutory notice process, such that contingent liabilities are permitted to proceed notwithstanding the notice process. *See, e.g.*, *Medamerica, Inc. v. MedAmerica Assn.*, 2010 WL 11589997, at *1 n.1 (N.D. Cal. Feb. 12, 2010) (noting that, pursuant to Mich. Comp. Laws § 450.1841a(4), "[a]n existing claim means any claim against the corporation, but does not mean a contingent liability or a claim based on an event occurring after the effective date of the dissolution."), *report and recommendation adopted*, 2010 WL 11589959 (N.D. Cal. Mar. 4, 2010); *Ballard Square Condo. Owners Ass'n v. Dynasty Const. Co.*, 146 P.3d 914, 920 (Wash. 2006) (considering a former Washington statute that said, "[f]or purposes of this section, 'claim' does not include a contingent liability or a claim based on an event occurring after the effective date of dissolution" for requirement that claimant follow statutory scheme); *In re W.R. Grace & Co.*, 315 B.R. 353, 354 n.4 (Bankr. D. Del. 2004) (considering Mont. Code Ann. § 35-1-936, which states that a "'claim' does not include a contingent liability or a claim based on an event occurring after the effective date of the dissolution" and, therefore, finding "that the claims sought to be pursued against MVC at this time are of the kind that may

still be viable under Montana law"); *United States v. SCA Servs. of Ind., Inc.*, 837 F. Supp. 946, 951 n.5 (N.D. Ind. 1993) (noting that Indiana Code § 23-1-45-6 precludes from the definition of "claim" "a contingent liability or a claim based on an event occurring after the effective date of dissolution" from requirement that claimant provide notice of claim).

The Court finds these cases instructive in interpreting the similar provision at issue here. The Court finds that Utah Code Ann. § 48-3a-705 does not bar plaintiff's claim against Corey Cattle. That statute states that a "limited liability company in winding up, electing to dispose of known claims . . . , may give written notice of the limited liability company's dissolution to known claimants at any time after the effective date of the dissolution"; however, the statute "does not apply to a claim based on an event occurring after the effective date of dissolution or a liability that on that date is contingent." Utah Code Ann. §§ 48-3a-705(2), 48-3a-705(2)(6). In *Medamerica*, for instance, which applied Michigan's version of this statute, the court noted that "a dissolved corporation can sue and be sued," but a "dissolved corporation may take steps to bar future claims from existing or potential claimants," for instance by requiring claims be brought within a specified notice period and by excluding from the definition of "claim" a "contingent liability or a claim based on an event occurring after the effective date of the dissolution." 2021 WL 11589997, at *1 n.1. The Court will therefore grant plaintiff's motion and reopen this case against defendants Corey Cattle, Jon Corey, and Dantes Holding, LLC.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Reopen Case [Docket No. 110] is

**GRANTED**. It is further

      **ORDERED** that Civil Action No. 19-cv-02541-PAB-SKC shall be reopened. It is further

      **ORDERED** that the parties shall contact the chambers of Magistrate Judge S. Kato Crews to schedule a status conference and set case deadlines.

DATED November 18, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge